UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHEILA SKAGGS, | |
| Plaintiff, | CASE NO. 13-cv-06057 RBL |
| v. | REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | Noting Date: August 22, 2014 |
| Defendant. | |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed (*see* ECF Nos. 14, 19, 20).

The parties agree that the ALJ committed legal error in evaluating plaintiff's credibility and in failing to address the lay witness evidence (ECF No. 14, pp. 13-16; ECF No. 19, p. 3). Plaintiff claims that the Court should remand for an immediate award

of benefits because plaintiff met all of the requirements for being disabled as of April 23, 2007. However, because outstanding issues remain, this matter must be remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, SHEILA SKAGGS, was born in 1957 and was 49 years old on the amended alleged date of disability onset of April 23, 2007 (*see* Tr. 34, 54, 160-62, 163). Plaintiff did not complete high school, but received her GED (*see* Tr. 176). Plaintiff has work experience as a barista and night manager/cashier at a gas station (Tr. 56-59).

According to the ALJ, through the date last insured, plaintiff had at least the severe impairments of "a history of cerebrovascular accident, brain aneurysm, visual disturbance, and depression (20 CFR 404.1520(c))" (Tr. 36).

At the time of the hearing, plaintiff was living with her husband of 32 years and their youngest daughter and her two young children (Tr. 60, 81).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* Tr. 101-03, 108-09). Plaintiff's requested hearing was held before Administrative Law Judge Allen Erickson ("the ALJ") on November 6, 2009 (*see* Tr. 50-92). On November 27, 2009, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 31-49).

On November 13, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in December 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on March 14, 2014 (*see* ECF Nos. 11, 12).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in assessing the opinions of plaintiff's treating physicians Drs. Mary E. Butcher, Mark Piker, and Peter B. Shelley regarding her physical and mental limitations; (2) Whether or not the ALJ erred in failing to find plaintiff's migraine headaches constituted a severe medically determinable impairment; (3) Whether or not the ALJ committed reversible error by failing to analyze properly plaintiff's credibility and the statements from lay witnesses; and (4) Whether or not this case should be reversed for a payment of benefits (*see* ECF No. 14, p. 2).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

## DISCUSSION

(1) Whether or not the ALJ committed reversible error by failing to analyze properly plaintiff's credibility and the statements from lay witnesses.

Plaintiff and defendant both agree the ALJ committed reversible error in evaluating plaintiff's testimony and in failing to address the lay evidence from plaintiff's daughters, Mindy DeAnn Diggs and Jennifer Denette Skaggs (ECF No. 14 pp. 13-17; ECF No. 19, p. 3). However, while plaintiff argues that the claim should be remanded for payment of benefits, defendant argues the case should be remanded for further proceedings (ECF No. 14, p. 2; ECF No. 19, p. 3)

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

1    Here, outstanding issues must be resolved.  *See Smolen, supra*, 80 F.3d at 1292.

2  Plaintiff's testimony must be evaluated anew.  For instance, the ALJ noted

3  inconsistencies between plaintiff's testimony and the medical evidence (Tr. 40-42).

4  While defendant concedes that these inconsistencies, by themselves, are not sufficient to

5  support the ALJ's conclusions in this case (ECF No. 19, page 8), these remain

6  outstanding issues that should be addressed by the ALJ on remand.

7    Also, the ALJ failed to address the lay witness testimony in his decision, and must

8  evaluate this testimony for the first time on remand.  The extent of plaintiff's limitations

9  in light of this evidence requires further evaluation.  Furthermore, it is not clear to this

10  Court that the ALJ would be required to find plaintiff disabled if the improperly rejected

11  evidence was credited in full.  The decision whether to remand a case for additional

12  evidence or simply to award benefits is within the discretion of the court.  *Swenson v.*

13  *Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d

14  1396, 1399 (9th Cir. 1988)).  Because there are outstanding issues the ALJ needs to

15  address, this matter should be remanded for further proceedings.

16    (2) Whether or not the ALJ erred in assessing the opinions of plaintiff's treating
    physicians Drs. Mary E. Butcher, Mark Piker, and Peter B. Shelley regarding her

17    physical and mental limitations, and whether or not the ALJ failed to find
    plaintiff's severe migraine headaches constituted a medically determinable

18    impairment.

19    Plaintiff argues that the ALJ committed other reversible errors in evaluating the

20  medical evidence and in determining plaintiff's severe impairments at step two of the

21  sequential evaluation (ECF No. 14, pp. 3-13).  On remand, the ALJ will hold a de novo

22  hearing and acquire updated medical evidence to complete the record.  As such, the ALJ

1  should also reevaluate the medical evidence and step two impairments in the context of
2  the record as a whole.

3  CONCLUSION

4  Based on these reasons, and the relevant record, the undersigned recommends that
5  this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §
6  405(g) to the Acting Commissioner for further consideration.  **JUDGMENT** should be
7  for **PLAINTIFF** and the case should be closed.

8  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.
10 Civ. P. 6.  Failure to file objections will result in a waiver of those objections for
11 purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).
12 Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the
13 matter for consideration on August 22**,** 2014, as noted in the caption.

14 Dated this 25th day of July, 2014.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 6